6x7 Global Security
Lady Benjamin Cannon, ASCE
1401 21st St
Sacramento, CA 95811
Phone 415.404.1917
globalsecurity@6x7.io

Attorney in propia persona

FILED
JAN 17
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

KAW
LB

**UNITED STATES DISTRICT COURT,**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LADY BENJAMIN CANNON, ASCE<br>Plaintiff,<br>vs.<br>BENICIA MARINA CORPORATION<br>and;<br>RYAN OPFER, JOHN ASH<br>and;<br>DOES 1 through 60 inclusive.<br>Defendants. | Case No. CV 23 00204<br>**COMPLAINT FOR DAMAGES, PRAYER FOR RELIEF, AND JURY TRIAL DEMAND**<br>**TITLE VI, UNRUH CIVIL RIGHTS ACT, IIED** |

COMES NOW Plaintiff LADY BENJAMIN CANNON, ASCE ("LADY"), files this Complaint alleging the following:

1. Many of the acts alleged in this complaint occurred in the City and County of San Francisco and involved real estate located within the boundaries of the City and County of San Francisco.

2. Plaintiff is in the business of providing high-speed internet services to businesses and persons who want high-speed internet including individuals and to corporations and other business entities.

**THE PARTIES**

3. Plaintiff LADY BENJAMIN CANNON, ASCE (hereafter "LADY") is a natural person over the age of eighteen years and a resident of the Benicia Marina, and a co-founder, former board member, and Treasurer of The Calguns Foundation, Inc, a 501(c)(3) nonprofit legal

defense fund. LADY is also a member of the American Society of Civil Engineers, and is an honorarium member of the IEEE Society. Additionally, LADY co-founded Romeo Power, a publically traded EV startup; NYSE:RMO

4. Defendant BENICIA MARINA CORPORATION ("BENICIA MARINA") is a criminal enterprise operating as a corporation, partnership, series of corporations, series of shell corporations, or otherwise a set or series of entitities by which a criminal enterprise is conducted. These entities may be located throuought the United States, including without limitation, California. BENICIA MARINA CORPORATION, it's assiciates, partners, etc. without limitation, receive Federal funding, thus they are vulnerable to Title VI claims.

5. Defendant RYAN OPFER ("OPFER") is a natural person resident of the State of California and an employee of the BENICIA MARINA CORPORATION where he takes on a supervisory role.

6. Defendant JOHN ASH ("ASH") is a natural person resident of the State of California and an employee of the BENICIA MARINA CORPORATION where he takes on a supervisory role.

7. Plaintiffs do not know the true names and/or capacities of those Defendants sued herein as DOES 1 through 60 inclusive. Plaintiffs are informed and believe and thereupon alleges that each of said Defendants is responsible in some way or manner for the damages that Plaintiffs complain of in this complaint. Each defendant (DOES inclusive) aided, abetted, supported, encouraged and advised the others defendants including all DOES defendants, in committing the acts and wrongs alleged here. Plaintiff requires discovery in order to discern the identities of certain DOES.

8. As used herein the word "person" includes a corporation, a partnership any other business entity as well as a natural person.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983.

10. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

**STATEMENT OF FACTS**

**BACKGROUND AND TENNANCY OF LADY CANNON**

11. On October 18, 2022 LADY CANNON purchased an antique superyacht from 1924 that formerly belonged to Henry Ford's grandson. This historic yacht was in need of repairs. LADY CANNON was assured by BENICIA MARINA that she would be given adequate time to effect said repairs "as long as you showed continuous progress on repairs". LADY CANNON showed said progress, relying upon the representatioins of BENICIA MARINA.

12. On January 05, 2023, RYAN OPFER was drunk. He called LADY CANNON and her assistant into a "meeting" which was an excuse to ambush her.

13. During this "meeting" OPFER repeatedly threatened to "destroy" LADY CANNON's home and superyacht, and to do so extrajudically. When LADY CANNON informed OPFER that she would be on the boat at the time, and that these threats constitute threats against her life, OPFER said "I don't care!"

14. OPFER said he was willing to pay $68,000, and then "two hundred thousand" to remove the boat.

15. While threatening and yelling in a clearly intoxicated state, OPFER proceded to order at least 2 if not 3 more drinks, and consume them. Eeyes buldging, unblinging, face red, he again threatened LADY CANNON "I will revoke your dock access key!" (again, when asked, he verified that he intended to do this

extrajudically and without court order, a crime under PC 418, PC460.).

16. During all of this, OPFER repeatedly refered to LADY CANNON as a man, calling her "MAN" at least twice. After the first instance, at least 2 witnesses responded "hey, you can't do that, she's a woman, you need to stop that" but OPFER could not help himself, and resumed his sexual harassment.

17. JOHN ASH has been accused of raping a male harbor worker, LADY CANNON is in fear that the BENICIA MARINA criminal organization is composed of sex criminal bigots who will deliberate ly mis-identify her as a woman, and will then rape or otherwise sexually assault her, in a pattern consistent with their past criminal offenses.

**MAIL THEFT**

18. Immediately after the 01.05.2023 assault, RYAN OPFER and JOHN ASH conspired to steal LADY CANNON's mail, and divert it to be destroyed.

19. On 01-06-2023, 6x7 Global Security agents recovered 1 package that had been stolen from the incoming mail area, had "RETURN TO SENDER" market upon it, and was then placed in the outbound mail receptacle of the facility. This package was seized and marked into evidence. The package contained a "Bilge pump" a life-safety device that prevents boats from sinking. Stealing this package put LADY CANNON's life at risk.

20. On 01-09-2023, 6x7 Global Security agents recovered 1 package that had been stolen from the incoming mail area, had "RETURN TO SENDER" market upon it, and was then placed in the outbound mail receptacle of the facility. This package was seized and marked into evidence. The package contained wires for a "battery monitor" a life-safety device that monitors batteries onboard a ship, the batteries in this case provide electrical power to bilge pumps, which prevents boats from sinking. Stealing this package put LADY CANNON's life at risk. This package

was secured by 6x7 Global Secuirty agents and placed into evidence with chain of custody tags in the course of a normal investigation, and has been provided to the Solono County District Attorney and the Postmaster General.

21. The mail theft has been reported to the Benicia Police Department and assigned the case number: 2301060058

22. As of 01.13.2023 the case had been refered to the District Attorney for criminal prosecution.

23. The mail theft case has also been reported to the Postmaster General case No: 46690264.

24.

**GENERAL**

25. At all times relevant hereto, unless otherwise clearly stated, all of the Defendants were acting on behalf of each and every other Defendant (DOES inclusive) and each Defendant has ratified, approved, aided, abetted, and endorsed the actions of each and every other Defendant.

26. At all times material hereto, Defendants were acting under the color of state law.

**DAMAGES**

27. Plaintiff has lost and continues to lose thousands of dollars in life-saving and other important mail that defendants even now continue to steal. As of 01.10.2023 the total is approximately $6,000.00

28. Plaintiff has lost substantial income and legal fees.

29. Most distressingly, the actions including without limitation mail theft and threats, have impacted LADY CANNON's efforts working on her superyacht. This could impact her life safety. The theft of bilge pumps is relivent.

30. Plaintiff has suffered emotional and mental distress in an amount to be determined after trial as a consequence of the defendants' actions.

31. Defendants, fully knowing the consequences of their actions, acted intentionally and with fraud oppression and malice to forcibly detain and deprive plaintiff of her premises and its contents and therefore plaintiff is entitled to treble damages.

32. All acts and ommissions of all defendants was done in bad faith and in knowing violation of state, Federal, and local law.

33. As such, punative and treble damages also apply.

**On or about Overview of party culpability.**

The state employees are of course sued in their official and individual capacities, however as the above brief has made clear in excruciating detail, the private parties are also state actors and are sued as such under 1983.

**FIRST CAUSE OF ACTION**

**TITLE VI**

**Brought under 42 U.S.C. §1983**

**AGAINST DEFENDANTS: BENICIA MARINA CORPORATION, RYAN OPFER, JOHN ASH; and DOES 1-60.**

1. Defendant BENICIA MARINA CORPORATION receives federal funding.
2. By sexually harassing Plaintiff, including without limitation calling her a man, defendants violated her rights under Title VI of the Civil Rights Act of 1964.
3. Defendants have been previously sued for raping or assaulting a man. There is serious concern that this harassment is precursor to another sex crime.
4. Defendants, as detailed below, collaborated with and acted in support of State actors, and indeed were clothed with authority of the state, therefore they can be sued under 1983.
5. Plaintiff incorporates herein all of the allegations, averments and matters contained as alleged heretofore as if set forth at length herein *in haec verba.*
6. As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief.
7. The conduct of Defendants was willful, malicious, oppressive and/or reckless, was undertaken with willful disregard of Plaintiff's rights, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.
8. The Defendants later attempted to cover up or conceal their criminal acts, denying under oath that there was any evidence Lady Benjamin lived in the subject premesis, when they in-fact literally attempted to throw that evidence away.
9. Plaintiff suffered damages as a result
10. Therefore, these Defendants, with deliberate indifference, willful negligence, and oppression fraud and malice.

**<u>SECOND CAUSE OF ACTION</u>**

**UNRUH CIVIL RIGHTS ACT**

**Brought under state law**

**AGAINST DEFENDANTS: BENICIA MARINA CORPORATION, RYAN OPFER, JOHN ASH; and DOES 1-60.**

11. By sexually harassing Plaintiff, including without limitation calling her a man, defendants violated her rights under the Unruh Civil Rights Act of 1964 in that they did discriminate against her beceause of her sex and they operate a facility open to the general public.

12. Defendants have been previously sued for raping or assaulting a man. There is serious concern that this harassment is precursor to another sex crime.

13. Defendants, as detailed below, collaborated with and acted in support of State actors, and indeed were clothed with authority of the state, therefore they can be sued under 1983.

14. Plaintiff incorporates herein all of the allegations, averments and matters contained as alleged heretofore as if set forth at length herein *in haec verba.*

15. As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief.

16. The conduct of Defendants was willful, malicious, oppressive and/or reckless, was undertaken with willful disregard of Plaintiff's rights, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

17. The Defendants later attempted to cover up or conceal their criminal acts, denying under oath that there was any evidence Lady Benjamin lived in the subject premesis, when they in-fact literally attempted to throw that evidence away.

18. Plaintiff suffered damages as a result

19. Therefore, these Defendants, with deliberate indifference, willful negligence, and oppression fraud and malice.

**THIRD CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**Brought under state law**

**AGAINST DEFENDANTS: BENICIA MARINA CORPORATION, RYAN OPFER, JOHN ASH; and DOES 1-60.**

20. By threatening to kill Plaintiff, by threatening to destroy her home, and by threatening to lock her out of her home.

21. By sexually harassing Plaintiff, including without limitation calling her a man.

22. And by stealing her mail…

23. **…** defendants intentionally did all of the above acts with the specific desire and intention that they inflict the maximum emotional damage onto LADY CANNON as possible. Defendants conspired together to do this and all the other things enumerated above, and broke criminal law in many cases to harm her the most.

24. Plaintiff incorporates herein all of the allegations, averments and matters contained as alleged heretofore as if set forth at length herein *in haec verba.*

25. The conduct of Defendants was willful, malicious, oppressive and/or reckless, was undertaken with willful disregard of Plaintiff's rights, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

26. The Defendants later attempted to cover up or conceal their criminal acts, denying under oath that there was any evidence Lady Benjamin lived in the subject premesis, when they in-fact literally attempted to throw that evidence away.

27. Plaintiff suffered damages as a result

28. Therefore, these Defendants, with deliberate indifference, willful negligence, and oppression fraud and malice.

**PRAYER**

WHEREFORE PLAINTIFFS PRAY JUDGMENT AS FOLLOWS:

1. General, Compensatory, and Special damages in an amount to be proven at trial not under $5,000,000.00;
2. Presumed damages based on, among other things, harm to Plaintiff's reputation, business, stock offering and price, emotional health, pain and suffering, and personal life in the amount of $10,000,000.00;
3. Punitive damages;
4. Lifetime or renewing/evergreen no-contact and stay-away orders against all defendants, entered into CLETS.
5. Award Plaintiff costs of suit, including attorney fees and costs pursuant to 42 U.S.C. § 1988; and
6. Any other further relief as the Court deems just and appropriate to protect the peaceable exercise or enjoyment of the right or rights secured.
7. Three times all special and general and other damages;

**PLAINTIFF RESPECTFULLY DEMANDS TRIAL BY JURY ON ALL CAUSES OF ACTION.**

Date: January 10, 2023

Lady Benjamin Cannon, A.S.C.E.

LADY BENJAMIN CANNON, ASCE
6x7 Global Security
Attorney in propia persona

PLD-PI-001(3)

| SHORT TITLE: Michael O'Connor Maxwell Kerins v. John Ash, Benicia Harbor, Corp., Benicia Marina, Does 1-50 | CASE NUMBER |
|---|---|

1 (number) **CAUSE OF ACTION—Intentional Tort** Page ____

ATTACHMENT TO [X] Complaint [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name)*: Michael O'Connor Maxwell Kerins

alleges that defendant *(name)*: John Ash, Benicia Harbor, Corp., Benicia Marina

[X] Does 1 to 10 and 26 to 36

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date)*: February 22, 2006
at *(place)*: Benicia Marina, 266 East B Street, Benicia, CA 94510

*(description of reasons for liability)*:
Sexual assault and harassment committed by John Ash at the Benicia Marina resulting in pain and suffering, embarrassment, fear for personal safety, humiliation and constructive discharge from employment.

Civil Rights Violation: John Ash, Benicia Harbor, Corp., and Benicia Marina discriminated against Plaintiff because of his sex, male, in violation of Title VII of the Civil Rights Act of 1964, and in violation of the Fair Employment and Housing Act, and in violation of Government Code Section 12948 incorporating Civil Code Sections 51, 51.7 and 54